# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **D. M. BOWMAN, INC.,** | * | |
| **Plaintiff,** | * | |
| v. | * | |
| **CAREFIRST ADMINISTRATORS,** *et al.*, | * | Civil Action No.: CCB 02-CV-890 |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF LINDA S. BAER

Linda S. Baer, having been duly sworn, hereby deposes and says as follows:

1. I am over the age of eighteen, have knowledge of the facts herein and am competent to testify to matters herein.

2. I am the Director of Human Resources for D.M. Bowman, Inc. ("Bowman"). I have held this position since October 2000.

3. I am submitting this Affidavit in connection with Bowman's Opposition to a Motion for Summary Judgment that has been filed in this action by Defendant CareFirst Administrators ("CareFirst").

4. Effective on or about August 1, 1996, Bowman entered into a Claims Processing and Plan Services Agreement (the "Agreement") with Willse & Associates, Inc. (now known as CareFirst Administrators) to assume responsibility for the management and processing of Bowman's self-funded employee benefits plan. The Agreement attached to CareFirst's Motion for Summary Judgment as CFA 00005-00024 is a copy of the Agreement that was executed

effective August 1, 1996, although that document does not reflect the complete agreement between the parties.

5. Under the Agreement, CareFirst, on behalf of Bowman, was to submit claims for Bowman employees to Bowman's stop loss insurer for reinsurance coverage. In or around August 1999, Trustmark Insurance Company ("Trustmark") became Bowman's stop loss insurer.

6. CareFirst was aware of Trustmark's role as Bowman's stop loss insurer and, to that end, Trustmark provided CareFirst a "claims kit" that set forth the type of information, including "trigger diagnosis," that Trustmark required from CareFirst before it would process and pay Bowman's stop loss claims. Bowman did not receive a "claims kit" detailing that information from Trustmark.

7. CareFirst was the only entity with ready access to the information that Trustmark required in order to process Bowman's stop loss claims, including whether a "trigger diagnosis" was involved in any given claim and whether the cumulative amount for any given individual implicated Bowman's stop loss insurance. The reports that were provided by CareFirst to Bowman did not contain this information. Bowman therefore relied on CareFirst to monitor and report this information to Trustmark in accordance with the "claims kit" that CareFirst received from Trustmark.

8. Since August 1999, CareFirst, not Bowman, had responsibility for transmitting information in a timely manner to Trustmark on Bowman's behalf, including "trigger diagnoses," as required by the "claims kit" CareFirst received from Trustmark on Bowman's behalf. Bowman relied exclusively on CareFirst to provide Trustmark the information it required to ensure that Bowman's claims were paid.

9. I have reviewed the Affidavit of Theodore Korzick that was attached by CareFirst to its Motion for Summary Judgment.

10. In his Affidavit, Mr. Korzick asserts, among other things, that "CareFirst did not deviate from its standard business practice in submitting claims to [Bowman]", and that "CareFirst submitted claims to Trustmark in the same manner in which it submitted claims to other stop loss insurers." Korzick Affidavit at ¶ 3. Mr. Korzick also states that, "the manner in which CareFirst provided its reporting information to Bowman and to Trustmark comported with its standard business practice." Korzick Affidavit at ¶ 4. Finally, Mr. Korzick states that, "the manner in which CareFirst provided reporting information under the Bowman Agreement predates Trustmark Bowman arrangement." Korzick Affidavit at ¶ 5.

11. Bowman contends that CareFirst failed to submit Bowman's claims information to Trustmark in accordance with the Agreement, regardless of what CareFirst's "standard business practices" may have been at that time.

12. In addition, at this time neither Mr. Korzick nor any other representative of CareFirst has been deposed. Therefore, Bowman does not presently possess facts to demonstrate whether there is a dispute of fact concerning Mr. Korzick's allegations regarding CareFirst's "standard business practices," assuming, of course, that such practices have any relevance to this litigation whatsoever.

I swear under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: March 31, 2003                                         /s/ *
                                                              Linda S. Baer
                                                              Director of Human Resources
                                                              D.M. Bowman, Inc.

*Counsel hereby certifies that a signed copy of the foregoing document is available for inspection at any time by the court or a party to this action.